UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CARPENTERS' DISTRICT COUNCIL OF GREATER ST. LOUIS AND VICINITY, et al., | ) | |
| Plaintiffs, | ) | Case No. 4:06CV1673-CAS |
| v. | ) | |
| F.G. LANCIA CUSTOM WOODWORKING, LLC and FRANK LANCIA, an individual, | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION**
**FOR A CREDITOR'S BILL AND TO PIERCE THE CORPORATE VEIL**

**A. Procedural History.**

On June 5, 2007, this Court entered a default judgment against defendant F.G. Lancia Custom Woodworking, LLC in the amount of $46,842.17 for delinquent fringe benefit contributions, liquidated damages, and interest owed to plaintiffs under collective bargaining agreements and under the terms of ERISA, 29 U.S.C. §1132. On that same day, the Court also entered a judgment against defendants F.G. Lancia Custom Woodworking, LLC and Frank Lancia in the amount of $88,156.69, jointly and severally, for delinquent contributions, liquidated damages, interest, attorneys' fees, and costs, and amounts owed pursuant to a promissory note. Plaintiffs have not been able to collect the entire amount of either judgment.

**B. Background Facts.**

Defendant Frank Lancia was the sole owner and officer of defendant F.G. Lancia Custom Woodworking, LLC. (Affidavit of Michael A. Evans, ¶2, Ex. 1). Defendant F.G. Lancia Custom Woodworking, LLC stopped doing business in May 2008. (Evans

Aff. ¶3, Ex. 2). Efforts to collect the entire judgment amounts from defendants Frank Lancia and F.G. Lancia Custom Woodworking, LLC's have not been successful. (Evans Aff. ¶¶4-5, Exs. 1, 3).

On March 27, 2008, defendant Frank Lancia incorporated F.G.L. Woodworking and Audio-Video, Inc. (Evans Aff. ¶6, Ex. 4). Defendant Frank Lancia owns 75% of F.G.L. Woodworking and Audio-Video, Inc., serves as the corporation's president, and performs all the hiring and firing of employees. (Evans Aff. ¶7, Ex. 2). The other owners are Cherly Lancia, Frank Lancia's wife, and Chris and Lisa Hetley. (Evans Aff. ¶7, Ex. 2). Defendant Frank Lancia provided 80% of the capital to form F.G.L. Woodworking and Audio-Video, Inc. (Evans Aff. ¶8, Ex. 2).

Both defendant F.G. Lancia Custom Woodworking, LLC and F.G.L. Woodworking and Audio-Video, Inc. engage in the business of making custom furniture. (Evans Aff. ¶9, Ex. 2). F.G.L. Woodworking and Audio-Video, Inc. uses the tools owned by defendant F.G. Lancia Custom Woodworking, LLC. (Evans Aff. ¶13, Ex. 2).

Moreover, both defendant F.G. Lancia Custom Woodworking, LLC and F.G.L. Woodworking and Audio-Video, Inc. share the same address. (Evans Aff. ¶10, Ex. 2). Three of the six current employees of F.G.L. Woodworking and Audio-Video, Inc., three worked for defendant F.G. Lancia Custom Woodworking, LLC in the past. (Evans Aff. ¶11, Ex. 2). Like defendant F.G. Lancia Custom Woodworking, LLC, F.G.L. Woodworking and Audio-Video, Inc. banks at Eagle Bank and has the same accountant. (Evans Aff. ¶12, Ex. 2). Moreover, F.G.L. Woodworking and Audio-Video, Inc.'s insurance agent was formerly the insurance agent of defendant F.G. Lancia Custom Woodworking, LLC. (Evans Aff. ¶12, Ex. 2).

**C. Piercing the Corporate Veil.**

To pierce the corporate veil under Missouri law and recover from the assets of a corporation's alter ego, a creditor must show that the alter ego has "control" of the entity's finances, policy, and business practices with respect to the transaction at issue. Mobius Management, 175 S.W.3d at 188. The creditor must also show a "breach of duty—that this control was used by the corporation to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or to commit a dishonest and unjust act in contravention of the plaintiff's legal rights" that caused the injury to the plaintiff. Id. at 188-89. In addition, "the corporate veil may be pierced when a corporation is undercapitalized, or when its assets are stripped to avoid creditors. Inadequate capitalization is circumstantial evidence of an improper purpose or reckless disregard for the rights of others." Id. at 189 (citations omitted).

Here, the key occurrence is the formation of F.G.L. Woodworking and Audio-Video, Inc. shortly before defendant F.G. Lancia Custom Woodworking, LLC stopped doing business and before defendants Frank Lancia and F.G. Lancia Custom Woodworking, LLC satisfied their debt to plaintiffs. Defendant Frank Lancia is the majority owner, president, and controls operations of F.G.L. Woodworking and Audio-Video, Inc.

Defendants Frank Lancia and F.G. Lancia Custom Woodworking, LLC had a positive legal duty under the collective bargaining agreement and federal law to make the required contributions to plaintiffs. However, Frank Lancia abandoned F.G. Lancia Custom Woodworking, LLC and started a new company in order to avoid paying F.G. Lancia Custom Woodworking, LLC's creditors. The new company engages in the same

type of work, uses the same tools, shares the same address and some of the same employees, and has the same bank, insurance company, and accountant as F.G. Lancia Custom Woodworking, LLC. This breach of duty has clearly caused injury to plaintiffs, as their judgment has been rendered uncollectable from defendant F.G. Lancia Custom Woodworking, LLC itself.

**D. The Creditor's Bill in Equity.**

Federal courts have "the same authority to aid judgment creditors in supplementary proceedings as that which is provided to state courts under local law." H.H. Robertson Co. v. V.S. DiCarlo General Contractors, Inc., 994 F.2d 476 (8th Cir. 1993), cert denied, 114 S.Ct. 621 (citations omitted). The creditor's bill in equity is a long-recognized but infrequently used tool to assist creditors who seek "to enforce the payment of debts out of assets that cannot be reached by traditional means of execution on a judgment established in a suit at law." Shockley v. Harry Sander Realty Company, Inc., 771 S.W.2d 922 (Mo. App. 1989). The creditor's bill has deep roots in equity jurisprudence, and remains viable in modern times. Although a creditor's bill can be brought in a separate equitable action, it is entirely appropriate to bring it by motion in the underlying lawsuit where judgment was originally obtained. Fleming Companies, Inc. v. Rich, 978 F.Supp. 1281, 1294 (E.D. Mo. 1997).

Through a creditor's bill, a judgment creditor can "pierce the corporate veil" of its debtor, and satisfy the judgment from the assets of the real parties in interest. Id. The creditor's bill is "intended to address [the] exact situation" of a judgment-proof empty shell corporation. H.H. Robertson, 994 F.2d at 479. As the court noted in Shockley, "the avoidance of debts by the establishment of an empty-shell corporation for the purpose of

entering into a contract, the benefits of which are conveyed without consideration and received by the hidden real parties in interest, is a practice that cries out for equitable relief." 771 S.W.2d at 924.

The prerequisites to obtaining a creditor's bill are the existence of a judgment, the issuance of execution against that judgment, and a nulla bona return. Shockley, 771 S.W.2d at 925. No new judgment is needed against those wrongfully in possession of the judgment debtor's assets. Id. In addition, the alter ego entities against whom the creditor's bill is brought need not have been parties to, or even have had formal notice of, the earlier proceedings. H.H. Robertson, 994 F.2d 476; Shockley, 771 S.W.2d at 925.

Various equitable grounds may be used to pierce the corporate veil and obtain relief under a creditor's bill. In cases involving fraudulent transfers, courts have granted creditor's bills when the badges of fraud under the Uniform Fraudulent Transfers Act were present. See, e.g., Fleming Companies, 978 F.Supp. at 1293-94. Additionally, in H.H. Robertson Co., the Eastern District of Missouri issued a creditor's bill where the original debtor exercised complete control over the alter ego and was unable to pay off its creditors due to fraud. 789 F.Supp. 998, 1000 (E.D. Mo. 1992), aff'd, 994 F.2d 476 (8th Cir. 1993).

Plaintiffs have met the requirements for obtaining a creditors' bill: a judgment was obtained, garnishment and execution was sought against the debtor, and a nulla bona return. Moreover, defendant Frank Lancia exercises control over both F.G. Lancia Custom Woodworking, LLC and F.G.L. Woodworking and Audio-Video, Inc. and they are in actuality the same entity. Under these circumstances, the only explanation for the

formation of F.G.L. Woodworking and Audio-Video, Inc. is to avoid paying the debts owed by F.G. Lancia Custom Woodworking, LLC.

**E. Conclusion.**

The corporate veil of Frank Lancia and F.G. Lancia Custom Woodworking, LLC should be pierced because F.G. Lancia Custom Woodworking, LLC and F.G.L. Woodworking and Audio-Video, Inc. are controlled by Frank Lancia and the formation of F.G.L. Woodworking and Audio-Video, Inc. has prevented plaintiffs from collecting their debts against Frank Lancia and F.G. Lancia Custom Woodworking, LLC. Moreover, plaintiffs are entitled to a creditor's bill in order to satisfy the judgments against Frank Lancia and F.G. Lancia Custom Woodworking, LLC from the assets of F.G.L. Woodworking and Audio-Video, Inc.

Respectfully submitted,

HAMMOND and SHINNERS, P.C.
7730 Carondelet Avenue, Suite 200
St. Louis, Missouri 63105
Phone: (314) 727-1015
Fax: (314) 727-6804

/s/ Michael A. Evans
GREG A. CAMPBELL, #2774
MICHAEL A. EVANS, #534636

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2009 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Greg O'Shea
779 Lemay Ferry Road
St. Louis, MO 63125

Additionally, I hereby certify that on August 28, 2009 the foregoing was mailed to the following non-participant in electronic filing:

Frank Lancia
303 High Meadows
Ballwin, MO 63011

F.G. Lancia Custom Woodworking, LLC
813 N Skinker Blvd
Saint Louis, MO 63130

F.G.L. Woodworking and Audio-Video, Inc.
813 N Skinker Blvd
Saint Louis, MO 63130

F.G.L. Woodworking and Audio-Video, Inc.
106 Clear Meadows Drive
Ballwin MO 63011

/s/ Michael A. Evans