UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARPENTERS' DISTRICT COUNCIL OF ST. LOUIS AND VICINITY, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:06-CV-1673 CAS ) |
| F.G. LANCIA CUSTOM WOODWORKING, LLC, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion to compel post-judgment discovery. Plaintiffs' motion is accompanied by an affidavit of counsel. No response was filed and the time to do so has passed. For the following reasons, the Court will grant the motion.

**Background**

Plaintiffs Carpenters District Council of Greater St. Louis and Vicinity and the Trustees of its various Trust and Training Funds filed this action under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132 ("ERISA"), to collect delinquent fringe benefit contributions. On June 5, 2007, the Court entered a default judgment against defendant F.G. Lancia Custom Woodworking, LLC in the amount of $46,842.17 for delinquent fringe benefit contributions, liquidated damages, and interest owed to plaintiffs under collective bargaining agreements and under the terms of ERISA, 29 U.S.C. § 1132. On the same day, the Court also entered a judgment against defendants F.G. Lancia Custom Woodworking, LLC and Frank Lancia in the amount of $88,156.69, jointly and severally, for delinquent contributions, liquidated damages, interest, attorneys' fees, and costs, and amounts owed pursuant to a promissory note. On September 29, 2009, the Court granted

plaintiffs' Motion for a Creditor's Bill in Equity and to Pierce the Corporate veil, which assessed the June 5, 2007 judgment against a related entity, F.G.L. Woodworking and Audio-Video, Inc.

Plaintiffs state in their motion that they have not been able to collect all of the judgment balance. In an attempt to further collection efforts, plaintiffs noticed the post-judgment deposition of defendant Frank Lancia pursuant to Rule 69 of the Federal Rules of Civil Procedure. That Notice required the production of documents including: "All records relating to monies currently owed to Frank Lancia, F.G.L. Woodworking and Audio-Video, Inc., and/or F.G. Lancia Custom Woodworking, LLC." See Affidavit of Michael A. Evans, at ¶ 4, and Ex. 1 thereto at ¶ 5. Plaintiffs state that Mr. Lancia appeared for a deposition on October 13, 2010, but failed to produce any documents responsive to the above-mentioned document request. See Evans Aff. at ¶ 5. Plaintiffs move the Court for an order compelling defendants to produce all records relating to monies currently owed to Frank Lancia, F.G.L. Woodworking and Audio-Video, Inc., and/or F.G. Lancia Custom Woodworking, LLC.

**Discussion**

Rule 69(a) of the Federal Rules of Civil Procedure provides that the "process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise." Rule 69(a), Fed. R. Civ. P. Rule 69 further provides that the procedure on execution, and in proceedings in aid of execution, "shall be in accordance with the practice and procedure of the state in which the district court is held . . . except that any statute of the United States governs to the extent that it is applicable." Id. Finally, Rule 69 provides that in aid of a judgment or execution, a judgment creditor "may obtain discovery from any person, including the judgment debtor, in the

manner provided in [the Federal Rules of Civil Procedure] or in the manner provided by the practice of the state in which the district court is held." Id.

Plaintiffs seek the production of documents in aid of execution of their judgment. This procedure is appropriate pursuant to Rules 69(a), 30(f)(2) and 34 of the Federal Rules of Civil Procedure. It appears from the affidavit of plaintiffs' counsel that defendant Mr. Lancia appeared for deposition but failed to produce the documents identified in paragraph 5 of the Notice of Rule 69 Deposition and Request for Production of Documents. Plaintiffs' motion to compel discovery should therefore be granted, and defendants will be ordered to produce the requested documents within fourteen (14) days of the date of this Order.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to compel discovery is **GRANTED**. [Doc. 81]

**IT IS FURTHER ORDERED** that defendants shall produce all records relating to monies currently owed to Frank Lancia, F.G.L. Woodworking and Audio-Video, Inc., and/or F.G. Lancia Custom Woodworking, LLC, at the offices of plaintiffs' counsel by **November 30, 2010**.

                                                                           **CHARLES A. SHAW**
                                                                           **UNITED STATES DISTRICT JUDGE**

Dated this  16th  day of November, 2010.