UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARPENTERS' DISTRICT COUNCIL OF ST. LOUIS AND VICINITY, et al.,   )<br>)<br>Plaintiffs,   )<br>)<br>v.   )<br>)<br>F.G. LANCIA CUSTOM WOODWORKING, )<br>LLC, and FRANK LANCIA,   )<br>)<br>Defendants.   ) | No. 4:06-CV-1673 CAS |

**MEMORANDUM AND ORDER**

This closed matter is before the Court on plaintiffs' motion for contempt against defendant Frank Lancia. Plaintiffs' motion is accompanied by a memorandum in support, the Affidavit of Matthew J. Gierse, and a record of non-appearance of defendant Lancia.

**Background**

Plaintiffs Carpenters District Council of Greater St. Louis and Vicinity (the "Union") and the Trustees of its various Trust and Training Funds filed this action under Section 301(a)-(c) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185, and Sections 502(e)(1) and (f) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132(e)(1) and (f). Count I of the Amended Complaint asserted that defendant F. G. Lancia Custom Woodworking, LLC was bound by the provisions of a collective bargaining agreement to forward to the Union amounts deducted from its employees' paychecks as union dues, submit a monthly statement showing the regular and overtime hours worked by each employee, and make the required payments through a stamp purchase plan. Plaintiffs asserted that defendant failed and refused to pay the required contributions and submit the required monthly reports. Count I of the

Amended Complaint sought to require defendant to submit its books and records for an audit and accounting, and sought judgment for the delinquent contributions, interest, liquidated damages, accounting fees, attorney's fees and costs.

Count II of the Amended Complaint asserted that plaintiffs made a $100,000 loan to F. G. Lancia Custom Woodworking, LLC and individual defendant Frank Lancia as evidenced by a promissory note dated January 6, 2006, and that defendants defaulted on the note.  Count II of the Amended Complaint sought judgment against the defendants jointly and severally in the amount of $102,333.33, plus additional interest.

The defendants were served with summons and complaint but did not file an answer or other responsive pleading within the time allowed by the Federal Rules of Civil Procedure.  On May 29, 2007, a Clerk's Entry of Default was issued pursuant to Rule 55(a), Fed. R. Civ. P. (Doc. 15).  By Judgment dated June 5, 2007 (Doc. 16), the Court entered default judgment in favor of plaintiffs and against:

> (1) defendant F.G. Lancia Custom Woodworking, LLC in the amount of Forty-Six Thousand Eight Hundred Forty-Two Dollars and Seventeen Cents ($46,842.17), for delinquent fringe benefit contributions, liquidated damages and interest;
>
> (2) defendants F.G. Lancia Custom Woodworking, LLC and Frank Lancia, jointly and severally, in the amount of Eighty-Seven Thousand One Hundred Five Dollars and Fourteen Cents ($87,105.14), for amounts owed pursuant to the promissory note signed by defendants; and
>
> (3) defendants F.G. Lancia Custom Woodworking, LLC and Frank Lancia, jointly and severally, in the amount of One Thousand Fifty-One Dollars and Fifty-Five Cents ($1,051.55) for plaintiffs' legal fees and costs.

By Memorandum and Order dated September 29, 2009, the Court granted plaintiffs' Motion for a Creditor's Bill in Equity and to Pierce the Corporate Veil, which assessed the June 5, 2007 judgment against a related entity, F.G.L. Woodworking and Audio-Video, Inc. (Doc. 77).

In an effort to collect their judgment, plaintiffs noticed the post-judgment deposition of defendant Lancia pursuant to Rules 69 and 37 of the Federal Rules of Civil Procedure to be taken on August 14, 2013, and also required Mr. Lancia to simultaneously produce certain documents. Mr. Lancia did not appear for his deposition and plaintiffs filed a motion to compel discovery on August 21, 2013. On September 5, 2013, the Court granted plaintiffs' motion to compel and ordered Mr. Lancia to appear on September 24, 2013 at the offices of plaintiffs' counsel for a post-judgment deposition and to produce the records requested in the Notice of Rule 69 Deposition and Request for Production of Documents.

In the instant motion, plaintiffs state that Mr. Lancia failed to appear for his scheduled deposition, as ordered, and did not produce any of the documents requested by plaintiffs and ordered by the Court. The record of non-appearance submitted in connection with plaintiffs' motion for contempt reflects that defendant Lancia failed to appear at the scheduled deposition and did not contact plaintiffs' counsel or produce the requested documents. Plaintiffs now move to have defendant Lancia held in contempt of court for failing to appear at the deposition and to produce records as ordered, and seek a monetary compliance fine of $200 for each day of defendant Lancia's noncompliance. Plaintiffs also seek attorney's fees and expenses incurred in filing the motion for contempt.

**Discussion**

The United States Supreme Court has stated "it is firmly established that the power to punish for contempts is inherent in all courts." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (internal punctuation and citation omitted). "One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to

3

which they are subject." Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 504 (8th Cir. 2000) (citing United States v. United Mine Workers, 330 U.S. 258, 290 n.56 (1947)). Civil contempt sanctions may be employed to coerce compliance with a court order. Id. (citing United Mine Workers, 330 U.S. at 303-04). "Either incarceration or a fine may accomplish the purpose of coercion . . . ." Id.

Civil contempt proceedings may be employed in an ERISA case such as this to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained or both. Chicago Truck Drivers, 207 F.3d at 504-05. Either incarceration or a fine may accomplish the purpose of coercion; where compensation is intended, a fine is imposed payable to the complainant. Id.

This Court has previously imposed compliance fines in similar ERISA delinquency collection cases and has ordered a defendant to reimburse the plaintiffs for attorneys' fees incurred in attempting to compel compliance with a Court order. See, e.g., Greater St. Louis Construction Laborers Welfare Fund v. Akbar Electric Serv. Co., Inc., No. 4:96-CV-1582 CDP (E.D. Mo. Apr. 21, 1997) (ordering defendant to reimburse plaintiff for attorneys' fees); Greater St. Louis Construction Laborers Welfare Fund, et al. v. Marvin Steele Enters., Inc., No. 4:96-CV-1073 ERW (E.D. Mo. Mar. 21, 1997) (ordering a compliance fine of $200 per day). In addition, incarceration has been used to compel compliance with Court orders in the context of ERISA delinquency actions. See, e.g., Marvin Steele Enters., id. (ordering that a bench warrant issue for the arrest of the individual defendants).

A party seeking civil contempt bears the burden of proving by clear and convincing evidence that the alleged contemnor violated a court order. Chicago Truck Drivers, 207 F.3d at 504-05.

4

Here, it is undisputed that defendant Lancia did not appear for deposition and did not produce records as ordered. At this point, the burden shifts to defendant Lancia to show an inability to comply with the Court's order. Id. A mere assertion of "present inability" is insufficient to avoid a civil contempt finding. Rather, an alleged contemnor defending on the ground of inability to comply must establish that (1) he was unable to comply, explaining why "categorically and in detail;" (2) his inability to comply was not "self-induced;" and (3) he made "in good faith all reasonable efforts to comply." Id. at 506.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Frank Lancia is ordered to show cause why he should not be held in contempt of court for failure to appear for deposition and to produce records on September 24, 2013, as ordered by the Court on September 5, 2013.

**IT IS FURTHER ORDERED** that a hearing is set for Tuesday, **November 26, 2013**, at **2:00 p.m.** in Courtroom No. 3-N of the Thomas F. Eagleton United States Courthouse, at which defendant Frank Lancia may show cause why civil contempt sanctions should not be imposed against him for failure to comply with the Court's Order of September 5, 2013. Because incarceration is a possible civil contempt sanction, defendant Lancia has the right to representation by counsel. Failure to appear for the hearing as ordered may subject defendant Lancia to arrest by the United States Marshal's Service.

**IT IS FURTHER ORDERED** that the United States Marshal's Service is directed to serve a copy of this Memorandum and Order on defendant Frank Lancia personally, at F.G. Lancia Custom Woodworking, LLC, 813 N. Skinker, St. Louis, Missouri 63130, or wherever he may be found.

                                                                                 */s/ Charles A. Shaw*
                                                                **CHARLES A. SHAW**
                                                                **UNITED STATES DISTRICT JUDGE**

Dated this  23rd  day of October, 2013.