# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CARPENTERS' DISTRICT COUNCIL OF ST. LOUIS AND VICINITY, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:06-CV-1673 CAS |
| F.G. LANCIA CUSTOM WOODWORKING, LLC, et al., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on motions for leave to withdraw as counsel for defendants F.G. Lancia Custom Woodworking, LLC and Frank Lancia, individually, filed by attorneys David W. Forth, Michael H. James, and the law firm of James, Hutchison & Forth, P.C. The motions state that the defendants have been advised of the movants' intention to withdraw from representation, but do not state why counsel seek to withdraw. Nor do the motions attempt to show good cause for withdrawal or assert that withdrawal will not cause material adverse effects on their clients' interests.

Generally, the Court will not allow counsel to withdraw unless substitute counsel enters an appearance for the client. This rule is especially significant in cases where the client is a corporation or limited liability company. Such artificial entities can only act through agents, cannot appear pro se, and must be represented by counsel. Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993) (artificial entities may appear in federal courts only through licensed attorneys); see also Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856-57 (8th Cir. 1996) (corporation was technically in default as of the time its counsel withdrew).

This Court has adopted the Rules of Professional Conduct of the Supreme Court of Missouri. See E.D. Mo. L.R. 12.02. According to the Rules of Professional Conduct, a lawyer may withdraw from representation of a client if the withdrawal can be accomplished without material adverse effect on the interests of the client, or if good cause for withdrawal exists. See Missouri Supreme Court Rule of Professional Conduct 4-1.16(b). Further, "a lawyer shall continue representation when ordered to do so by a tribunal notwithstanding good cause for terminating the representation." R. Prof. Conduct 4-1.16(c).

One of the defendants represented by Messrs. Forth and James in this matter is a limited liability company that cannot appear pro se. Therefore, this defendant must secure new counsel or it will be unable to file any papers or motions.[1] The Court will withhold ruling on the motions to withdraw for a period of thirty days from the date of this order, to allow the defendants time to obtain substitute counsel. If defendants fail to obtain substitute counsel within that time, the Court will consider the merits of the motions to withdraw.

Accordingly,

**IT IS HEREBY ORDERED** that defendants shall obtain new counsel and defendants' substitute counsel shall enter an appearance on their behalf by **December 30, 2015**.

**IT IS FURTHER ORDERED** that attorneys David W. Forth and Michael H. James shall provide a copy of this Order to the defendants and file a notice with the Court certifying that they have done so, by **December 9, 2015**.

---

[1] A default judgment has already been entered against the defendants in this case. See Doc. 16. Therefore, unlike the situation in Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856-57 (8th Cir. 1996), no Court action would be required as to defendant F. G. Lancia Custom Woodworking, LLC, if counsel's motions to withdraw are granted.

**IT IS FURTHER ORDERED** that upon the entry of substitute counsel, or if no such entry occurs, on or after **January 4, 2016**, the Court will issue a ruling on the merits of the motions to withdraw of attorneys David W. Forth, Michael H. James and the law firm of the law firm of James, Hutchison & Forth, P.C.

*/s/ Charles A. Shaw*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  30th  day of November, 2015.