**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CARPENTERS' DISTRICT COUNCIL OF ST. LOUIS AND VICINITY, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:06-CV-1673 CAS |
| F.G. LANCIA CUSTOM WOODWORKING, LLC, et al., | ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on motions for leave to withdraw as counsel for defendants F.G. Lancia Custom Woodworking, LLC and Frank Lancia, individually, filed by attorneys David W. Forth, Michael H. James, and the law firm of James, Hutchison & Forth, P.C. The Court previously issued an Order that withheld ruling on these motions for a period of thirty days, to allow the defendants time to obtain substitute counsel. See Mem. and Order of Nov. 30, 2015 (Doc. 147). The Order stated that if the defendants failed to timely obtain substitute counsel, the Court would proceed to consider the merits of the motions to withdraw. Id. at 2. The Court also ordered Messrs. Forth and James to provide a copy of the Order to the defendants and file a notice with the Court certifying they had done so by December 9, 2015. Id. No such notice was filed.

Generally, the Court will not allow counsel to withdraw unless substitute counsel enters an appearance for the client. This rule is especially significant in cases where the client is a corporation or limited liability company, as is one of the defendants in this case. Such artificial entities can only act through agents, cannot appear pro se, and must be represented by counsel. Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993) (artificial entities may appear in federal

courts only through licensed attorneys); see also Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856-57 (8th Cir. 1996) (corporation was technically in default as of the time its counsel withdrew).

This Court has adopted the Rules of Professional Conduct of the Supreme Court of Missouri. See E.D. Mo. L.R. 12.02. According to the Rules of Professional Conduct, a lawyer may withdraw from representation of a client if the withdrawal can be accomplished without material adverse effect on the interests of the client, or if good cause for withdrawal exists. See Missouri Supreme Court Rule of Professional Conduct 4-1.16(b). Further, "a lawyer shall continue representation when ordered to do so by a tribunal notwithstanding good cause for terminating the representation." R. Prof. Conduct 4-1.16(c).

In this case, the motions do not state why counsel seek leave to withdraw. Nor do they attempt to show good cause for withdrawal or assert that withdrawal will not cause material adverse effects on their clients' interests. In addition, counsel failed to comply with the Court's Order to provide notice to the defendants. For these reasons, the motions will be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the motions to withdraw as counsel for the defendants filed by attorneys David W. Forth, Michael H. James and the law firm of the law firm of James, Hutchison & Forth, P.C. are **DENIED** without prejudice. [Docs. 144, 146]

 

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __6th__ day of January, 2016.