UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CARPENTERS' DISTRICT COUNCIL OF ST. LOUIS AND VICINITY, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:06-CV-1673 CAS |
| F.G. LANCIA CUSTOM WOODWORKING, LLC, et al., | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER**

This closed matter is before the Court on plaintiffs' motion to compel post-judgment discovery. Plaintiffs' motion is accompanied by an affidavit of counsel and exhibits. No response has been filed to the motion and the time to do so has passed. For the following reasons, the Court will grant the motion.

**Background**

Plaintiffs Carpenters District Council of Greater St. Louis and Vicinity and the Trustees of its various Trust and Training Funds filed this action under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132 ("ERISA"), to collect delinquent fringe benefit contributions. On June 5, 2007, the Court entered a default judgment against defendant F.G. Lancia Custom Woodworking, LLC in the amount of $46,842.17 for delinquent fringe benefit contributions, liquidated damages, and interest owed to plaintiffs under collective bargaining agreements and under the terms of ERISA, 29 U.S.C. § 1132. On the same day, the Court also entered a judgment against defendants F.G. Lancia Custom Woodworking, LLC and Frank Lancia, an individual, in the amount

of $88,156.69, jointly and severally, for delinquent contributions, liquidated damages, interest, attorneys' fees, and costs, and amounts owed pursuant to a promissory note.

On September 29, 2009, the Court granted plaintiffs' Motion for a Creditor's Bill in Equity and to Pierce the Corporate veil, which assessed the June 5, 2007 judgment against a related entity, F.G.L. Woodworking and Audio-Video, Inc. On December 21, 2015, the Court granted plaintiffs' Motion for a Creditor's Bill in Equity and to Pierce the Corporate veil, which assessed the June 5, 2007 judgment against a related entity, Lancia's Fine Furniture and Cabinetry, LLC.

**Motion to Compel**

Plaintiffs state in their motion to compel that they have not been able to collect all of the judgment balance. In an attempt to further collection efforts, plaintiffs noticed the deposition of Cecilia M. Lancia, as a representative of judgment debtor Lancia's Fine Furniture and Cabinetry, LLC, pursuant to Rule 69 of the Federal Rules of Civil Procedure for June 16, 2016 at 10:00 a.m. That Notice also required Ms. Lancia to produce certain documents specified in seven numbered paragraphs. See Affidavit of Nathan K. Gilbert, ¶ 3, and Ex. 1 thereto, ¶¶ 1-7. Plaintiffs state that Ms. Lancia failed to appear at the deposition on June 16, 2016, failed to produce any documents responsive to the above-mentioned document request, and did not communicate with plaintiffs' counsel concerning her attendance at the deposition. See Gilbert Aff., ¶ 4. Plaintiffs move the Court for an order compelling Ms. Lancia to appear for deposition on August 10, 2016, and to produce all records listed in the Notice of Deposition.

Rule 69(a)(1) of the Federal Rules of Civil Procedure provides, "A money judgment is enforced by a writ of execution, unless the court directs otherwise." Rule 69(a)(1), Fed. R. Civ. P. Rule 69 further provides that the procedure on execution, and in proceedings in aid of execution, "must accord with the procedure of the state where the court is located, but a federal statute governs

to the extent it applies." Id. Rule 69(a)(2) provides that in aid of a judgment or execution, a judgment creditor "may obtain discovery from any person–including the judgment debtor–as provided in [the Federal Rules of Civil Procedure] or by the procedure of the state where the court is located." Rule 69(a)(2), Fed. R. Civ. P.

Plaintiffs seek to take a post-judgment deposition in aid of execution of their judgment. This procedure is appropriate pursuant to Rules 69(a) and 30 of the Federal Rules of Civil Procedure. It appears to the Court from the affidavit of plaintiffs' counsel that Cecilia M. Lancia was properly noticed for deposition, as a copy of the notice was served on her attorney, but she failed to appear. Plaintiffs' motion to compel should therefore be granted, and Ms. Lancia will be ordered to appear for deposition at the offices of plaintiffs' counsel and to produce the requested documents at the same time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to compel is **GRANTED**. [Doc. 155]

**IT IS FURTHER ORDERED** that Cecilia M. Lancia shall appear for a post-judgment deposition and produce the records requested in the Notice of Rule 69 Deposition and Request for Production of Documents, at the offices of plaintiffs' counsel on Wednesday, **August 10, 2016**, at **10:00 a.m**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order on Ms. Lancia's attorney J. Steven Erickson, 2330 Menard Street, #201, St. Louis, Missouri 63104, by UPS Signature Required, in addition to service by first-class mail.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  19th  day of July, 2016.